UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | JUDGE DONALD C. NUGENT |
| ) | |
| Plaintiff, ) | CASE NO.: 1:23 CR 231 |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| JOHN EAKIN KAUFMAN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the United States of America's Motion to Revoke Order of Release. (ECF #37). Mr. Kaufman opposes the motion. A hearing was held on August 23, 2023.

**PROCEDURAL HISTORY**

Mr. Kaufman was joined into this case by way of a Superseding Indictment on June 29, 2023. (ECF #26). He was charged with one count of conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, specifically fentanyl, in violation of 21 U.S.C. §846. (ECF #26). He was arrested in the District of Maryland on July 14, 2023 and brought before the Maryland court for an initial appearance. Prior to the hearing, the Pretrial Services Department issued a report recommending detention. (ECF #37-2). The Maryland Magistrate Judge nonetheless granted pre-trial release with conditions. Those conditions included, among others,

appointing a custodian to supervise the defendant, ordering home confinement, and prohibiting any use of alcohol, narcotics, or other controlled substances. (ECF #39-1). The Government immediately filed a Motion to Revoke Release (ECF #37), and a Motion to Stay [the] Order of Release Issued by the District of Maryland. (ECF #39). This Court granted the Motion to Stay, and set a hearing to review the question of Mr. Kaufman's bond. (ECF #40). The hearing was held on August 23, 2023. The Government presented evidentiary exhibits and arguments in favor of their request to revoke the bond order, while the Defendant proffered information and argued in favor of bond.

## STANDARD OF REVIEW

This Court has the authority to review the Magistrate's original order of release pursuant to 18 U.S.C. §3145(a)(1). *See, United States v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996); *United States v. Evans*, 62 F.3d 1233 (9th Cir. 1995). District courts review a Magistrate Judge's order of release or detention *de novo. See, United States v. Fitzhugh*, 2016 WL 4727480 (E.D. Mich. Sept. 12, 2016); *United States v. Eckenrode*, 2013 WL 257052 (N.D. Ohio Jan. 23, 2013).

The Bail Reform Act requires detention upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person. . . and the safety of any other person and the community." 18 U.S.C. §3142(e)(1). In order to justify detention, an inability to reasonably assure the safety of any person and the community must be shown by clear and convincing evidence. *See United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). A risk of flight can be established by a preponderance of the evidence. *Id.* If there are no conditions of release sufficient to eliminate the defendant's risk of flight and danger to the community, then the

court is required to order the defendant detained pending trial. 18 U.S.C. §3142(e)(1).

Sub-section (g) of 18 U.S.C. §3142 sets forth the factors a court should consider when determining whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," or whether detention is warranted. These include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. §3142(g).

Congress has made a determination that "drug offenses pose a special risk of flight and

3

dangerousness to society. *United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989). Consequently, it has created a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, and that detention is, therefore, warranted when there is probable cause to believe that the defendant has committed an offense under the Controlled Substances Act that carries a maximum term of imprisonment of ten years or more. 18 U.S.C. §3142(e)(3)(A) & (B). In this case, a Grand Jury has determined that there is probable cause to believe that Mr. Kaufman has committed such an offense. In order to rebut the presumption of detention, the Defendant must introduce at least some evidence that he is not a flight risk or a danger to the community. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes,* 254 F.3d at 436. This is because the presumption reflects a legislative determination that certain types of offenders "are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). The defendant's evidence can be used, however, to show why his case may fall outside the paradigm that Congress contemplated when it established the presumption. *See, Stone*, 608 F.3d at 945.

## ANALYSIS

Mr. Kaufman argues that he presents no enhanced risk of non-appearance. Although he lives in Maryland, he is only four hours from the Court. Upon hearing that there was an arrest

warrant out for him, he turned himself in. He has strong ties to his community through his family, and as a business owner and employer. He also has health issues that require on-going treatment and has access to community health care providers. However, although Mr. Kaufman has proffered evidence that could support a finding that he is not a high risk for non-appearance, he cannot overcome the presumption of dangerousness that accompanies the charges against him. The indictment charges Mr. Kaufman with possession and distribution of significant amounts of fentanyl, and carries a maximum sentence that exceeds ten years. These charges trigger a presumption of dangerousness, and, consequently, detention under 18 U.S.C. §3142(e)(3)(A) & (B). The government has also submitted evidence supporting those charges. Mr. Kaufman argues that any controlled substances he may have possessed were not intended to be distributed within the community but, rather, were intended for his own personal use. He argues that this circumstance counters the presumption that he presents a danger to the community. The amounts attributed to Mr. Kaufman in the indictment and referenced in connection with him in the evidence provided by the government do not support this assertion. The distribution of fentanyl undisputedly poses a great risk of harm to the community. Further, although the Defendant does not have a significant prior history of criminal activity within the last nineteen years, there is evidence that the activity leading to current charges has been on-going on for years.

  Finally, as an admitted fentanyl addict, Mr. Kaufman, himself, would be in grave danger if he were to be released. He has presented no evidence to suggest that his addiction would remain under control if he were to be released at this time, and it is well documented that users who return to use after a period away from fentanyl are at higher risk of overdose. Further, as an addict, there is a high risk that he would re-involve himself with the people and activities that led to his arrest.

Defendant has not offered any evidence that would show that he has reliable control over his addiction, or that would rebut the presumption of dangerousness based on the nature of the charges.

## CONCLUSION

For the reasons set forth above, the Court finds that there is no condition or combination of conditions that could adequately protect individuals and the community from danger if Mr. Kaufman were to be released pending trial. Therefore, the Government's Motion to Revoke Order of Release is GRANTED, and Mr. Kaufman is ordered detained pending trial. IT IS SO ORDERED.

DATED August 25, 2023

DONALD C. NUGENT
United States District Judge